UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUISA GUTTI BROWN,

                      Plaintiff,

                      **MEMORANDUM OPINION & ORDER**

        - against -

                      07 Civ. 1345 (LMM) (RLE)

SYDNEY COLEMAN, M.D., et al.,

                    Defendants.

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On February 19, 2007, Luisa Gutti Brown brought this action against Sydney Coleman, M.D., Kenneth Wemm, M.D., and Tribeca Plastic Surgery, alleging medical malpractice in connection with a June 2004 plastic surgery operation to correct facial asymmetries. (Compl. ¶¶ 13-14.) Brown retained Dr. Darrell L. Henderson as an expert witness to testify about whether Defendants met the minimum medical standard of care for the operation. Before the Court is a motion by Brown asking the Court to reconsider its September 8, 2009 Order that precluded Dr. Henderson from testifying about the number of fat grafting procedures he has performed. (Pl.'s Mot. for Reconsideration and Declaration of Leonard Zack ("Pl. Mot."), Doc. No. 62, September 22, 2009.) For the reasons that follow, Brown's Motion is **DENIED**.

## II. BACKGROUND

The relevant background facts are set forth in the Court's September 2009 Memorandum Opinion and Order, *Brown v. Coleman*, 07 Civ. 1345 (LMM) (RLE), 2009 WL 2877602 (S.D.N.Y. Sept. 8, 2009). In that Order, the Court denied a motion, brought by Dr. Coleman and Tribeca Plastic Surgery, to compel Dr. Henderson to produce operating room records and logs from his offices. Additionally, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(ii), the

Court precluded Dr. Henderson from providing any testimony regarding the number of fat grafting procedures he has performed because Dr. Henderson's office destroyed surgical logs in contravention of a February 10, 2009 Order requiring their production. Brown now moves the Court to reconsider and vacate its September 2009 Order, and permit Dr. Henderson to testify.

### III. DISCUSSION

**A. Legal Framework**

Plaintiff has moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "Parties bear a heavy burden in moving for reconsideration under [Rule 59(e) and Local Civil Rule 6.3]. Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' . . . 'The standard for granting such a motion is strict . . . .'" *Islam v. Fischer*, No. 07 Civ. 3225, 2008, WL 650380, at *1 (S.D.N.Y. Mar. 6, 2008) (citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotations omitted); *Truong v. Charles Schwab & Co.*, 07 Civ. 8085(SHS), 2009 WL 464452, at *1 (S.D.N.Y. Feb. 24, 2009).

While a court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quotations omitted), "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121,

131-32 (2d Cir. 1999).

In this case, the movant has failed to identify any controlling decisions or facts the Court overlooked in deciding to preclude Dr. Henderson's testimony. Brown cites no legal precedent in her motion and merely reintroduces the same facts and arguments asserted in the original motion–mainly, that Henderson did not know that the records had been destroyed.

**B. Brown Inappropriately Adds New Facts in Her Motion**

As an initial matter, Brown attempts to introduce additional facts and exhibits that were not presented in her briefs for the motion to compel. Reconsideration is not a venue for relitigating decided issues, *Shrader*, 70 F.3d at 257, and the movant may not assert new facts to advance its argument. *See Metropolitan Opera Assoc., Inc. v. Local 100, Hotel Employees and Restaurant Employees Intl. Union, et al.*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004). Indeed, the purpose of the motion for reconsideration is to identify matters previously presented in the underlying motion but *overlooked* by the court in rendering its decision. *Id.*

Here, Dr. Henderson's letter (Pl. Mot., Ex. C, Henderson letter Sept. 10, 2009) and Henderson's September 2009 production of surgical logs (Pl. Mot., Ex. F, G.) (surgical logs of Henderson's second operating room) are misplaced in Brown's motion, and the Court did not consider them in this Opinion. The Court notes, however, that even if these facts were within the scope of this motion, the proffered explanation for the eight-month delay in producing some of the surgical logs is a thinly veiled reformation of the initial discovery dispute and further evidence of Henderson's contravention of the February 2009 Order.

Brown asserts that the newly discovered documents are not responsive to the February 2009 Order nor to Defendants' discovery request, and therefore were not required to be

produced. (Pl. Mot. § III(c).) On the other hand, by arguing that production of the "newly discovered logs" now complies with the order to produce, Brown admits that Henderson initially failed to comply with the February 2009 Order:

> [The newly produced surgical logs], as previously explained in the opposition to the motion to compel, do not mention the words "fat grafting" as the log merely lists a description of the operation and could therefore be held non-responsive to the request of defendant Coleman despite being exactly what judge [sic] Ellis ordered to be produced.
> (Pl. Mot. § III(c).)

Brown's admission that she failed to produce "exactly what" the Court ordered supports the Court's sanction order. Her argument appears to be that because what the Court ordered might not have been responsive "to the request of defendant," she cannot be sanctioned for disobeying the Order. This position is meritless. Parties may appeal erroneous orders by Magistrate Judges, *see* 28 U.S.C. § 636 (b)(1)(A), but the simple failure to comply is sanctionable.

**C. The Court Did Not Overlook Relevant Facts in Its Prior Order**

Brown restates her position that Dr. Henderson (1) had no knowledge of the destruction of the requested surgical logs, and (2) was not aware of the process for maintaining logs because his staff was charged with that task. These assertions were included in Brown's briefs on the motion to compel, and the Court has previously considered them. (Pl.'s Mem. in Opp. to Defs.' Notice of Mot. To Compel ("Pl.'s Mem. in Opp.") at 9, Ex. F.) *See also Brown*, 2009 WL 2877602, at *1-2. While these facts are offered as evidence that Henderson did not purposely destroy the logs, the order to preclude Dr. Henderson's testimony results from his failure to take steps to prevent the destruction of the requested documents, *see Byrnie v. Town of Cromwell, Board of Education*, 243 F.3d 93, 107 (2d Cir. 2001), and to reduce prejudice to Defendants.

but . . . the court has discretion about the sanction to be imposed.")

Brown reargues the point that had the destroyed surgical logs been produced, they would not have revealed adequate information about fat grafting and would have been unresponsive to the Court's order. (*See* Pl.'s Mem. in Opp. at 7-8.) As noted in the September 2009 Order, the Court also considered this assertion. *Brown*, 2009 WL 2877602, at *2. Dr. Henderson's opinion that the surgical logs would have been unresponsive was not germane to the Court's February 2009 Order and has no affect on reconsideration. (Pl. Mot. at § III(b).) *See also* Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, 8A Federal Practice & Procedure Civil § 2291(3d. 2009) ("A party may not defend against sanctions under Rule 37(d) by contending that the request for discovery was improper and objectionable."). Indeed, the order to preclude was not based on the specific content of the surgical logs. *Brown*, 2009 WL 2877602, at *3. Finally, Brown fails to cite legal precedents that the Court may have overlooked and ignores the standard of review for a motion for reconsideration.

## IV. CONCLUSION

Plaintiff has failed to show either facts or legal authority overlooked by the Court in deciding to preclude Dr. Henderson from testifying about the number of fat grafting procedures he has performed. Accordingly, for the reasons stated above, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED this 13th day of November 2009**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5